92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AETNA CASUALTY & SURETY COMPANY, Plaintiff-Counterdefendant,
v.
Carl LINDNER; Keith Lindner, Defendants-Counterclaimants-Appellants,
v.
The HARBOR INSURANCE COMPANY; the Continental Insurance
Companies, Counter-Defendants-Appellees.
 No. 95-15170.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided July 22, 1996.
 
 Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1984, Harbor Insurance Company ("Harbor") issued a "claims made" director-officer liability insurance policy ("Policy") to Carl and Keith Lindner ("Lindners"). In 1986, Donald Albrecht filed an action in state court against the Lindners, but did not serve them until 1988. The Lindners did not notify Harbor of Albrecht's law suit until 1989, years after the Policy had expired and only shortly before Albrecht amended his complaint to name the Lindners in their capacities as directors.
 
 
 3
 Harbor declined to defend and indemnify the Lindners, arguing that no "claim" had been "made" during the time the Policy was in force. The district court entered summary judgment in favor of Harbor, and the Lindners have timely appealed. We review de novo, see Simply Fresh Fruit, Inc. v. The Continental Ins. Co., 84 F.3d 1105, 1107 (9th Cir.1996); St. Paul Fire & Marine Ins. Co. v. American Bank, 33 F.3d 1159, 1161, 1163 (9th Cir.1994), and we affirm.
 
 
 4
 Unlike a so-called "occurrence-based" policy, which provides coverage for injuries that take place during the policy period regardless of whether the losses are reported during that period, a "claims made" policy covers injuries only if claims therefor are asserted during the policy period, including any "tail", where applicable. The requirement that claims must be timely asserted means, inter alia, that the insurer must receive timely notice thereof, whether real or potential. California Union Ins. Co. v. American Diversified Savs. Bank, 914 F.2d 1271, 1278 (9th Cir.1990), cert. denied sub nom. Sahni v. Harbor Ins. Co., 498 U.S. 1088 (1991); Homestead Ins. Co. v. American Empire Surplus Lines Ins. Co., 44 Cal.App.4th 1297, 1304, 52 Cal.Rptr.2d 268, 272 (1996); Thoracic Cardiovascular Assocs., Ltd. v. St. Paul Fire & Marine Ins. Co., 181 Ariz. 449, 453, 891 P.2d 916, 920 (1994), review denied (1995).
 
 
 5
 Because Harbor had no notice of the law suit against the Lindners until long after the Policy had expired, no "claims" were "made" against the Policy. As we find no merit to any of the Lindners' remaining arguments, the decision appealed from is
 
 
 6
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3